# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DUSTIN WILLIS,

    Plaintiff,

v.                            Case No.: 8:25-cv-00773-JLB-NHA

POLK COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Polk County Board of County Commissioners ("Defendant"), by and through its undersigned attorneys, hereby files its Answer and Affirmative Defenses to Plaintiff Dustin Willis' ("Plaintiff") Complaint.

Defendant denies all allegations in the unnumbered introductory paragraph and further denies that Plaintiff is entitled to any relief whatsoever.

In response to the specific numbered paragraphs of Plaintiff's Complaint, Defendant states:

## JURISDICTION AND VENUE

1. Admitted only that this Court has jurisdiction; otherwise, denied.

2. Admitted only that venue is proper in this judicial district; otherwise, denied.

1

## PARTIES

3. Admitted only that Defendant previously employed Plaintiff and that Plaintiff is a transgender male; Defendant is without knowledge as to Plaintiff's residency and therefore denies the remainder of this paragraph.

4. Admitted.

5. Admitted.

## FACTUAL ALLEGATIONS

6. Admitted that Plaintiff is a transgender male; otherwise, denied.

7. Denied.

8. Admitted only that Plaintiff was employed by Defendant as a firefighter in 2021; otherwise, denied.

9. Admitted.

10. Admitted.

11. Admitted that Defendant was aware that Plaintiff was transgender when it hired Plaintiff in 2021.

12. Admitted only that Plaintiff interviewed with Defendant on August 8, 2023; otherwise, denied.

13. Defendant is without sufficient knowledge and therefore denies the allegations in this paragraph.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## **COUNT I – GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**

22. Defendant realleges and incorporates by reference its answers to the allegations set forth in paragraphs 1-21.

23. Admitted that Plaintiff is a transgender male; otherwise, denied.

24. Admitted only that Plaintiff previously worked for Defendant as a firefighter; otherwise, denied.

25. Denied.

26. This paragraph calls for a legal conclusion for which no response is required; to the extent a response is required, denied.

27. Denied.

28. Denied.

29. Denied.

# COUNT II – GENDER DISCRIMINATION
# IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

30. Defendant realleges and incorporates by reference its answers to the allegations set forth in paragraphs 1-21.

31. Admitted that Plaintiff is a transgender male; otherwise, denied.

32. Admitted only that Plaintiff previously worked for Defendant as a firefighter; otherwise, denied.

33. Denied.

34. This paragraph calls for a legal conclusion for which no response is required; to the extent a response is required, denied.

35. Denied.

36. Denied.

37. Denied.

## DEMAND FOR JURY TRIAL

38. Admitted that Plaintiff has requested a trial by jury.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any of the relief requested in the Prayer for Relief section and WHEREFORE clause, or any relief whatsoever, and it further denies any factual allegations in this paragraph.

Any allegations not specifically admitted herein are denied. Defendant, still urging and relying on matters hereinabove alleged, further alleges in the alternative by way of Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Plaintiff further must mitigate all damages and to the extent Plaintiff has failed to do so, Plaintiff's damage claims must be reduced.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for economic damages is or should be limited based on any after acquired evidence discovered in this case.

### THIRD AFFIRMATIVE DEFENSE

Defendant's decisions made as to Plaintiff's employment were without consideration as to any protected category or protected activity, but if it is determined that any protected category or protected activity was a motivating factor in any decision, then Defendant asserts that it would have reached the same result, regardless of any protected category or protected activity of Plaintiff, based upon the

facts and circumstances of the case.

## FOURTH AFFIRMATIVE DEFENSE

Defendant believed in good faith that its conduct was in compliance with state and federal law.

## FIFTH AFFIRMATIVE DEFENSE

Defendant made good faith efforts to comply with the law and should not be liable for any discriminatory acts by its employees, whether managerial or not.

## SIXTH AFFIRMATIVE DEFENSE

Defendant took all reasonable steps to make certain all of its actions were in compliance with state and federal law.

## SEVENTH AFFIRMATIVE DEFENSE

All actions taken by Defendant were based on legitimate non-discriminatory reasons, which were not pretextual.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any award of punitive damages in that Defendant has implemented and maintained policies and practices designed and intended to prevent discrimination.

## NINTH AFFIRMATIVE DEFENSE

The damages sustained by Plaintiff, if any, were proximately caused and occasioned by the acts and omissions of Plaintiff and/or others, said acts and

omissions being the sole cause of Plaintiff's alleged damages. Therefore, Defendant pleads the intervening acts and omissions of Plaintiff and/or others as a complete bar to Plaintiff's claims against Defendant.

## TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to recover its costs of court and attorney's fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or fact.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, have been paid in whole or in part by collateral sources, which eliminate or reduce any potential damages recovered from Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

All events which occurred more than 300 days prior to the filing of Plaintiff's charge of employment discrimination with the EEOC or 365 days prior to Plaintiff filing his charge with the Florida Commission on Human Relations are untimely and not properly assertable in this action; nor is Plaintiff entitled to relief for any events which occurred more than 300/365 days prior to the filing of his charge of employment discrimination.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has made allegations in the Complaint or attempts to assert claims which relate to alleged acts of alleged discrimination not encompassed within a charge filed with and investigated by the Equal Employment Opportunity Commission ("EEOC") or any appropriate state or local agency, these claims and/or events are not properly before the court, jurisdictionally or otherwise.

## FOURTEENTH AFFIRMATIVE DEFENSE

If any allegations of the unlawful conduct are true, the Defendant's employees implicated in those allegations acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands and/or estoppel by reason of Plaintiff's conduct and/or actions.

Defendant reserves its right to amend this Answer and assert additional Affirmative Defenses as Plaintiff's claims are more fully disclosed in the course of discovery in this litigation.

WHEREFORE, premises considered, Defendant prays this Honorable Court, upon hearing hereof, enter judgment as follows:

1. Ordering that Plaintiff take nothing by this action;

2. Dismissing Plaintiff's Complaint and any claim therein in its entirety *with prejudice*;

3. Ordering that judgment be entered in Defendant's favor;

4. Awarding Defendant its attorneys' fees against Plaintiff pursuant to the law;

5. Awarding costs to Defendant; and

6. Awarding Defendant such other relief, both at law and in equity, to which it may show itself justly entitled.

Respectfully submitted this 23rd day of April, 2025.

*/s/ David P. Steffen*
David P. Steffen, FBN No. 0154717
dsteffen@constangy.com
Eric L. Craft, FBN No. 1035294
ecraft@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 2650
Tampa, Florida 33602-5832
(813) 223-7166 / Fax: (813) 223-2515
Service Email: tampa@constangy.com
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send an electronic copy of this document to the following:

    Kyle James Lee, Esq.
    Lee Law, PLLC
    1971 West Lumsden Road, Suite 303
    Brandon, FL 33511
    T: (813) 343-2813
    Email: kyle@kyleleelaw.com
    *Attorney for Plaintiff*

    /s/ David P. Steffen
    *Attorney for Defendant*